UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DMITRIY YEGOROV, | No. 2:15-cv-01692-MCE-AC |
| Plaintiff, | |
| v. | FINDINGS & RECOMMENDATIONS |
| PRESIDENT SEVENTH-DAY ADVENTIST CHURCH, | |
| Defendant. | |

Plaintiff is proceeding in this action in pro per. Plaintiff filed his original complaint on August 10, 2015. ECF No. 1. The court dismissed that complaint with thirty days to file an amended complaint on September 23, 2015. ECF No. 3. On December 3, 2015, when plaintiff failed to file a timely amended complaint, the court issued an order to show cause why this case should not be dismissed for failure to prosecute. ECF No. 4. Plaintiff has yet to respond to the court's order.

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to comply with the court's local rules, or failure to comply with the court's orders. See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant

to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Pagtalunan v. Galaza, 291 F.3d 639, 642–43 (9th Cir. 2002) (affirming district court's dismissal of case for failure to prosecute when habeas petitioner failed to file a first amended petition).  This court's Local Rules are in accord. See E.D. Local Rule 110 ("Failure of counsel or a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); E.D. Local Rule 183(a) (providing that a pro se party's failure to comply with the Federal Rules of Civil Procedure, the court's Local Rules, and other applicable law may support, among other things, dismissal of that party's action).

     A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules.  See, e.g., Ferdik, 963 F.2d at 1260.  Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260–61; accord Pagtalunan, 291 F.3d at 642–43; Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995), cert. denied, 516 U.S. 838 (1995).  The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do."  In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

     Although involuntary dismissal can be a harsh remedy, on balance the five relevant factors weigh in favor of dismissal of this action.  The first two factors strongly support dismissal of this action.  Plaintiff's failure to file an amended complaint and respond to this court's order strongly suggests that he has abandoned this action or is not interested in seriously prosecuting it. See, e.g., Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in

1   expeditious resolution of litigation always favors dismissal."). Any further time spent by the
2   court on this case, which plaintiff has demonstrated a lack of any serious intention to pursue, will
3   consume scarce judicial resources and take away from other active cases. See Ferdik, 963 F.2d at
4   1261 (recognizing that district courts have inherent power to manage their dockets without being
5   subject to noncompliant litigants).
6       In addition, the third factor, which considers prejudice to a defendant, should be given
7   some weight. See Ferdik, 963 F.2d at 1262. Although the court's docket does not reflect that a
8   complaint has been served upon defendant, the defendant remains named in a lawsuit. It is
9   difficult to quantify the prejudice suffered by defendant here; however, it is enough that defendant
10  has been named in a lawsuit that plaintiff has effectively abandoned. At a minimum, defendant
11  has been prevented from attempting to resolve this case on the merits by plaintiff's unreasonable
12  delay in prosecuting this action. Unreasonable delay is presumed to be prejudicial. See, e.g., In
13  re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d at 1227.
14      The fifth factor, which considers the availability of less drastic measures, also supports
15  dismissal of this action. The court has already pursued remedies that are less drastic than a
16  recommendation of dismissal, including providing plaintiff with the opportunity to remedy his
17  failure to file an opposition. See Malone v. U.S. Postal Serv., 833 F.2d 128, 132 (9th Cir. 1987)
18  ("[E]xplicit discussion of alternatives is unnecessary if the district court actually tries alternatives
19  before employing the ultimate sanction of dismissal."), cert. denied, 488 U.S. 819 (1988). Having
20  failed to receive a response from plaintiff, the court finds no suitable alternative to a
21  recommendation for dismissal of this action.
22      The court also recognizes the importance of giving due weight to the fourth factor, which
23  addresses the public policy favoring disposition of cases on the merits. However, for the reasons
24  set forth above, factors one, two, three, and five strongly support a recommendation of dismissal
25  of this action, and factor four does not materially counsel otherwise. Dismissal is proper "where
26  at least four factors support dismissal or where at least three factors 'strongly' support dismissal."
27  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations and quotation marks
28  omitted). Under the circumstances of this case, the other relevant factors outweigh the general

3

1  public policy favoring disposition of actions on their merits.  See Ferdik, 963 F.2d at 1263.

2      Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without
3  prejudice pursuant to Federal Rule of Civil Procedure 41(b) and 4(m) and Local Rules 110 and
4  183(a).

5      These findings and recommendations are submitted to the United States District Judge
6  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14)
7  days after being served with these findings and recommendations, plaintiff may file written
8  objections with the court.  28 U.S.C. § 636(b)(1); see also E.D. Local Rule 304(b).  Such a
9  document should be captioned "Objections to Magistrate Judge's Findings and
10 Recommendations."  Failure to file objections within the specified time may waive the right to
11 appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez
12 v. Ylst, 951 F.2d 1153, 1156–57 (9th Cir. 1991).

13 DATED:  January 7, 2016

        /s/ Allison Claire
        ALLISON CLAIRE
        UNITED STATES MAGISTRATE JUDGE